# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                 Case No. 05-CR-117

ROBERT M. GREER,

    Defendant.

## ORDER DENYING THE DEFENDANT'S MOTION TO CHANGE VENUE

The grand jury returned a single-count indictment against the defendant, Robert M. Greer ("Greer"), charging him with conspiring to distribute a controlled substance. Greer has filed a motion to transfer this case to the Central District of California, where he resides, pursuant to Federal Rule of Criminal Procedure 21(b). The motion has been fully briefed and is ready for resolution.

### MOTION TO TRANSFER VENUE

Rule 21(b) states that the court may transfer the proceedings against the defendant to another district for "the convenience of the parties and witnesses and in the interest of justice." In interpreting this standard, courts often consider the ten factors set out in Platt v. Minnesota Mining & Manufacturing Co.: (1) the location of the defendant; (2) the location of possible witnesses; (3) the location of events likely to be in issue; (4) the location of documents and records likely to be involved; (5) the disruption of defendant's business unless the case is transferred; (6) the expense to the parties; (7) the location of counsel; (8) the relative accessibility of place of trial; (9) the docket condition of each district or division involved; and (10) any other special elements which might affect the transfer.

376 U.S. 240, 243-44 (1964). There is rarely complete correspondence between all of these factors and the circumstances of a particular case. In addition, the Platt factors set forth are not exhaustive: courts are to determine whether transfer is justified after considering all relevant factors. In the Matter of Balsimo, 68 F.3d 185, 186 (7th Cir.1995). Greer cites four of the Platt factors in support of his motion to change venue: the location of events likely to be in issue, the location of the witnesses, the location of records or documents, and the disruption of the defendant's business.

In the opinion of this court, and to the extent that the Platt factors apply in this case, they do not favor transfer. Most of the events relevant to the charge against Greer bear a stronger nexus to Milwaukee than to the Central District of California. Greer contends that the charge against him is based on allegations that he received a package that was mailed to him in Los Angeles, originating from Wisconsin. The package contained boxes that were return-addressed to a location in Milwaukee, and Greer allegedly used these boxes to mail methamphetamine to Milwaukee. While Greer's alleged conduct took place in California, the meaningful consequence of his actions was the transfer of drugs to Milwaukee.

It is also important that the charged offense is one of conspiracy. This creates a nexus to the district because Greer is alleged to have acted in concert with a Milwaukee contact, Richard Parsons ("Parsons"), who Greer believed to be a drug purchaser. According to the government, Parsons was arrested in Milwaukee and agreed to cooperate with law enforcement officials. At the instruction of the Milwaukee police, Parsons conducted two controlled purchases of methamphetamine from Greer through the mail, as described in Greer's motion. Parsons' cooperation was part of a Milwaukee-based investigation and did not involve California law enforcement. For these reasons, the court finds that events relevant to offense took place in this district and do not favor transfer to California.

Greer also contends, however, that the case should be transferred because he plans to elicit testimony from a number of witnesses who reside in California. These witnesses include a financial forensics expert, a member of the expert's staff, various California residents who made periodic deposits to Greer's bank accounts, and Greer's mother. Greer says that all of these witnesses are expected to present testimony that will show that Greer's substantial financial assets were derived from legitimate sources.

The testimony from these witnesses will only be relevant to the proceedings triggered by the forfeiture notice of the indictment. None of the witnesses are alleged to have any knowledge of the mailings that triggered the pending drug conspiracy charge. Only if Greer is convicted will the jury be required to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant. That has not occurred. In addition, at this time it is not clear why the testimony of all the witnesses listed would be necessary to Greer's defense during the forfeiture proceeding. Greer says that his financial expert can account for the vast majority of funds in his bank account. Testimony by other witnesses, such as Greer's mother and the financial expert's staff person, as to Greer's sources of income may therefore prove cumulative. This is especially true in light of the fact that Greer says he will personally testify, and Greer's defense will involve documented financial statements and other records, which can be easily transported for trial.

Many out-of-state defendants face some degree of inconvenience with respect to the availability of witnesses and evidence. Based on the forfeiture exclusive defense that Greer proposes, the court is not persuaded that this case presents an uncommon degree of inconvenience, compared to that of other out-of-state defendants. Moreover, the court must weigh the inconveniences to both parties in determining whether it is appropriate to transfer the case. Government witnesses will likely

3

Case 2:05-cr-00117-JPS   Filed 05/05/06   Page 3 of 7   Document 23

include the Milwaukee police officers that took part in the investigation, and the government says that its physical evidence is located in Milwaukee. This evidence regards the underlying charge, which is a prerequisite to the issue of asset seizure. Any potential inconvenience to Greer based on the availability of defense witnesses and other evidence is, thus, not to the degree that outweighs inconvenience that would result from uprooting this case.

Accordingly, the court will turn its attention to the issue of Greer's medical condition, which he also cites as relevant under Platt. Greer says that he has been suffering from Acquired Immune Deficiency Syndrom ("AIDS") for more than twenty years, which resulted in numerous complications that can be stabilized but not improved. Greer also indicates that he has been diagnosed with Hepatitis C and, based on a mass that was discovered in his lung in, might have either lung cancer or lymphoma. In addition, Greer says that he suffers from acute pneumonia diagnosed in March of 2004 and that the combination of these illnesses makes it critical for him to remain in California, where he can be treated my doctors familiar with his medical history.

While mindful of the considerations cited in Greer's motion, this court is of the opinion that the case should remain in this district. After being diagnosed with pneumonia in March of 2004, an illness that Greer cites as contributing significantly to his decline, Greer has traveled on many occasions. The government sets forth the following account of Greer's travel history, which is based on Greer's credit card records through November of 2004:

>(1) March 15, 2004: Delta Airlines flight from Los Angeles to Singapore
>Passenger: Robert Greer
>Date of Departure: March 28
>
>(2) May 17, 2004: Four Seasons Resort in Bali
>Accommodations: $2,183.68

4

(3) July 9, 2004: Expedia Merchant Air
Expedia Travel $439.27

(4) August 27, 2004: American Airlines $227.90
Los Angeles to Chicago
Passenger: R. Greer
Date of Departure: August 28
August 30, 2004: Hertz Car Rental $82.99
Rental: Chicago 8/28/04
Return: Milwaukee 8/30/04
Renter: Robert Greer

(5) September 16, 2004: United Airlines: $505.91
Los Angeles to Chicago
Passenger: Robert Greer
Date of Departure: September 16
September 19, 2004: Hertz Car Rental $175.29
Rental: Chicago 9/17/04
Return: Chicago 9/19/04
Renter: Robert Greer

September 18-19, 2004 - Paperwork found in defendant's residence showing Robert Greer stayed at the Sheraton Milwaukee Brookfield Hotel

(6) November 13, 2004: United Airlines $202.21
Los Angeles to Portland
Passenger: Robert Greer
Date of Departure: November 13

November 14, 2004: Hertz Car Rental: $32.10
Rental: Portland 11/13/04
Return: Portland 11/14/04
Renter: Robert Greer
November 15, 2004: Westin Hotels-Oregon
Lodging: $144.63

(Gov. Resp. Br. at 3-6).

Greer does not dispute this travel history. He contends, however, that the March 2004 trip to Singapore was taken just after his pneumonia diagnosis, was before he was advised not to travel, and was for the purpose of rest and solace. As to his trips to Chicago in August and September of 2004,

5

Greer says that he was visiting an elderly friend and then attending her funeral. As to his November 2004 trip to Portland, Greer says that he was attending a family birthday party.

Regardless of why Greer felt these trips were necessary—be it out of personal obligation as he contends, or for other reasons—the record reflects that Greer was willing and able to embark on a number of trips after being diagnosed with pneumonia and knowing his delicate health condition. While a letter from Greer's physician recommends that Greer not travel, the recommendation is based, in part, on the belief that Greer's overall health has been in decline since March of 2004 because of pneumonia. Greer's many travels demonstrate that his pneumonia did not hinder his ability to travel or, at a minimum, that Greer is frequently willing to travel to attend events that he deems important. A trial on the charged offense is such an event. Moreover, the recommendation is based in part on concerns that Greer would be traveling to Wisconsin where he would face a colder climate than his body is accustomed to in California. These concerns can be easily allayed by scheduling Greer's trial during the summer. It is the opinion of this court that Greer has not demonstrated medical concerns that justify denying the government the right to proceed in the forum originally chosen.

Accordingly, and for all the reasons discussed, the court now enters the following order on Greer's motion to change venue:

**IT IS THEREFORE ORDERED** that the motion to change venue is **denied.**

**IT IS FURTHER ORDERED** that the arraignment and plea is scheduled for **May 26, 2006**, at **9:30 a.m.** in Courtroom 254, United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin. The defendant may waive his appearance if he proceeds in accordance with Rule 10(b) Fed. R. Crim. P.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Criminal Procedure 59 (a), and General Local Rule 72.3 (E.D. Wis.); whereby written objections to any order herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance with the rules cited herein waives your right to review.

Dated at Milwaukee, Wisconsin this 5th day of May, 2006.

s/AARON E. GOODSTEIN<br>United States Magistrate Judge